## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARL DIXON | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-13-1926 |
| | * | JFM - 13 - 1944 |
| FOOT LOCKER, INC., ET AL. | * | |
| | ****** | |

### MEMORANDUM

Plaintiff has instituted these consolidated actions against Foot Locker, Inc. and NIKE

USA, Inc. Plaintiff is appearing *pro se*. Discovery is closed, and each defendant has filed a

motion for summary judgment.[1] The motions will be granted.

Plaintiff's essential claim is that he purchased NIKE sneakers from Foot Locker believing

that they were proper for use in playing basketball and that on the first occasion that he used

them, he slipped and seriously injured his knee and leg. As reflected in the papers that he has

filed, plaintiff is quite articulate. He does not, however, understand the legal system, particularly

the duty that he is under to present evidence in response to a summary judgment motion

reflecting that he can prove each of the elements of his claims. *See Runnebaum v. NationsBank

of Maryland, N.A.*, 123 F.3d 156, 163 (4th Cir. 1997).

Here, plaintiff has not hired an expert prepared to testify that it was a defect in the

sneakers purchased by plaintiff or that any defect was the proximate cause of his fall. Expert

testimony is necessary because slips and falls in the game of basketball, some of which lead to

---

[1] Plaintiff has filed a "motion to compel a discovery response," seeking to depose Rule 30(b)(6) witnesses offered by defendants. Discovery, however, has been closed, and plaintiff's motion will be denied. The motion was filed two months after this court summarily denied plaintiff's efforts to depose chief executive officers of defendants. Self-evidently, plaintiff's request to depose the chief executive officers was improper since plaintiff proffered nothing to show that their testimony would add anything to the case. It was in response to plaintiff's request to depose the chief executive officers that defendants offered Rule 30(b)(6) witnesses, and plaintiff did not seek to follow up on that offer until discovery was closed.

serious injury, are not uncommon.  Therefore, it cannot be inferred from the nature of the

accident or from any circumstantial evidence that an alleged defect in the sneakers was the

proximate cause of plaintiff's injuries.  *See generally Parker v. Allentown, Inc.*, 891 F. Supp. 2d

773, 780 (D. Md. 2012).

A separate order granting the motions for summary judgment filed by defendants is being

entered herewith.

Date:  *04/04 5  w/y*                          _____
                                               J. Frederick Motz
                                               United States District Judge

BY _____ DEPUTY

AT BALTIMORE
CLERK'S OFFICE

2014 OCT -8  PM 3: 04

DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED

2